UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OPTI-COM MANUFACTURING NETWORK, LLC | CIVIL ACTION |
| VERSUS | NO. 12-1300 |
| UTILITY TECHNOLOGY & SUPPLY COMPANY | SECTION: "G"(5) |

**ORDER AND REASONS**

Before the Court is Defendant Utility Technology & Supply Company's ("Defendant") Motion for Summary Judgment,[1] wherein it seeks the dismissal of all claims against it. After considering the complaint, the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the motion.

**I. Background**

*A. Factual Background*

Plaintiff Opti-Com Manufacturing Network, LLC ("Plaintiff") alleges that it sold Defendant, a Texas corporation, HDPE pipe from September 2002 to 2010.[2] Plaintiff contends that under the terms of the sales contract, Defendant was required to return the steel reels after the pipe was removed, but that Defendant did not return the reels upon request.[3] As such, Plaintiff brings a cause of action for breach of contract against Defendant and seeks recovery for Defendant's failure to return the reels.[4]

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 1-2 at ¶ 3

[3] *Id.* at ¶ 4.

[4] *Id.* at ¶¶ 6-7.

*B. Procedural Background*

Plaintiff initially filed a petition for breach of contract in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, on April 18, 2012.[5] On May 18, 2012, Defendant filed a notice of removal in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[6] On November 29, 2012, Defendant filed the pending motion for summary judgment.[7] On December 11, 2012, Plaintiff filed an opposition.[8]

## II. Parties' Arguments

In support of the pending motion, Defendant argues that it was dissolved in June of 2010, which is corroborated by the attached affidavit of Richard D. Housely, President of Housley Communications, another defendant in this matter.[9] Defendant also attaches correspondence from the Texas Secretary of State that also states that Defendant was voluntarily dissolved.[10]

Defendant argues that it was insusceptible to suit because it was dissolved when this case was filed on April 18, 2012, and therefore it should be dismissed.[11] Defendant cites Louisiana Civil Code article 24, which reads:

There are two kinds of persons: natural persons and juridical persons.

---

[5] *Id.*

[6] Rec. Doc. 1.

[7] Rec. Doc. 19.

[8] Rec. Doc. 21.

[9] Rec. Doc. 19-1 at p. 1. (citing Rec. Doc. 19-4).

[10] *Id.* at pp. 1-2 (citing Rec. Doc. 19-5).

[11] *Id.* at p. 3.

> A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

Further, Defendant maintains that "an entity being sued must qualify as a juridical person."[12] Therefore, Defendant claims that it did not exist at the time suit was filed, and must be dismissed from this action.

In opposition, Plaintiff explains that federal courts sitting in diversity must apply the forum state's choice of law rules to determine which state's law governs.[13] Under Louisiana's choice of law rules, the law of the state of incorporation governs matters concerning the dissolution of a corporation.[14] As such, Plaintiff argues that Texas law would apply to Defendant, who was incorporated in Texas. Under Texas law:

> (a) Notwithstanding the termination of a domestic filing entity under this chapter, the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:
>> (1) prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity;
>> (2) permitting the survival of an existing claim by or against the terminated filing entity;
>> ...
> (c) If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under Section 11.359, the terminated filing entity continues to survive for purposes of:
>> (1) the action until all judgments, orders, and decrees have been fully executed; and

---

[12] *Id.* at p. 4 (citing *Dugas v. City of Breaux Bridge Police Dept.*, 99-1320 (La. App. 3 Cir. 2/2/00); 757 So. 2d 741).

[13] Rec. Doc. 21 at p. 2 (citing *Patin v. Thoroughbred Power Boats inc.*, 294 F.3d 640, 646 (5th Cir. 2002)).

[14] *Id.* (citing *Leviathan Gas Pipeline Co. v. Tex. Oil & Gas Corp.*, 92-812 (La. App. 3 Cir. 6/2/93); 620 So. 2d 415).

3

>   (2) the application or distribution of any property of the terminated filing entity as provided by Section 11.053 until the property has been applied or distributed.[15]

Therefore, Plaintiff contends that it had three years from Defendant's dissolution to file suit for any existing claim, which it timely filed on April 18, 2012.[16] While Plaintiff maintains that Texas law would be applied to this issue, it argues that even if Louisiana law were applied, Defendant would still be amendable to suit. Under Louisiana Revised Statute § 12:147(D):

>   All claims which would be enforceable by suit against the corporation except for the provisions of this subsection, on which suit has not been filed in a court of competent jurisdiction before the expiration of three years after the proceeding for dissolution takes effect ... shall be barred perpetually and peremptorily.

As such, Plaintiff argues that even if Louisiana law were to apply to this issue, it would have had three years to file an action against Defendant after it dissolved.[17]

### III. Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[18] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence but refrains from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the

---

[15] Tex. Bus. Org. § 11.356.

[16] Rec. Doc. 21 at p. 3.

[17] *Id.* at p. 3 (citing *Prod. Specialties, Inc. v. Century Oil Tool Co., Inc.*, 94-556 (La. App. 3 Cir. 11/2/94); 649 So. 2d 500).

[18] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

nonmoving party, but "'conclusory allegations supported by a conclusory affidavit will not suffice to require a trial.' This is true even if the movant cannot demonstrate contrary facts by specific affidavit recitation to rebut the conclusory affidavit."[20] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[21]

Because factual disputes may not be resolved on summary judgment, a plaintiff need not offer all of its evidence, but rather only enough so that a jury *might* return a verdict in its favor.[22] If the nonmovant would bear the burden of proof at trial on a claim, the movant may simply point to the absence of evidence, which then returns the burden on the motion for summary judgment to the nonmovant.[23] Then, the nonmovant must point to competent evidence that there is an issue of material fact so as to warrant trial.[24] To defeat summary judgment, the nonmovant must direct the court's attention to specific evidence in the record to establish an issue of material fact as to each claim upon which it will bear the burden of proof at trial.[25] "The opponent must meet the movant's affidavits with opposing affidavits that set out specific facts showing an issue for trial."[26]

---

[20] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993) (quoting *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)).

[21] *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147-48 (5th Cir. 1992).

[22] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264 (5th Cir. 1991).

[23] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (per curiam).

[24] *Id.*

[25] *Rizzo v. Children's World Learning Ctrs.*, 84 F.3d 758, 762 (5th Cir. 1996).

[26] *Travelers,* 7 F.3d at 1206-07.

## IV. Law and Analysis

As Plaintiff has already recognized, as a Court sitting in diversity, this Court must apply the forum state's choice of law rules.[27] The United States Court of Appeals for the Fifth Circuit has acknowledged that "[a]lthough the Louisiana courts have not ruled on the precise issue, we think they would apply the law of the state of incorporation in determining the viability of a corporation after dissolution."[28] Subsequent intermediate appelate courts of Louisiana have agreed with this position.[29] It is not in dispute that before dissolution, Defendant was a Texas corporation.

In opposition to the pending motion, Plaintiff provided the Court with unambiguous statutory authority that under Texas law a plaintiff may bring an action against a dissolved corporation until "the third anniversary of the effective date of the entity's termination."[30] Even if Defendant was voluntarily dissolved in June of 2010, Plaintiff timely filed action against Defendant within the three year period allowed when it filed its original petition for breach of contract in state court on April 18, 2012. Therefore, Plaintiff has a viable claim against defendant and the Court will deny the pending motion for summary judgment.

---

[27] *Patin*, 294 F.3d at 646.

[28] *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1548 n. 3 (5th Cir. 1985).

[29] *See, e.g.*, *Leviathan*, 620 So. 2d at 418 ("The trial court found that as Article 7.12 is a corporate survival statute and not a statute of limitations, the statute is substantive. As Article 7.12 is substantive, Texas law, as the law of the state of incorporation, is the applicable law.")

[30] *See* Tex. Bus. Org. § 11.356.

## V. Conclusion

For the reasons stated above, even if Defendant was voluntarily dissolved in June of 2010, Plaintiff had three years to pursue an action against it, and timely filed such an action on April 18, 2012. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[31] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of April, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[31] Rec. Doc. 19.